IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **KELLEY GEER AND CHRIS GEER,** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| **ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, ANDREW BUTLER AND DAVID CROCKETT,** | § § § § | |
| | § | |
| Defendants. | § | |

**DEFENDANT ANDREW BUTLER'S
NOTICE OF REMOVAL**

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Andrew Butler in Cause No. A-14-0317-CV-C, pending in the 343rd Judicial District Court of Aransas County, Texas, files this Notice of Removal from that court to the United States District Court for the Southern District of Texas, Corpus Christi Division, on the basis of diversity of citizenship and amount in controversy and respectfully shows:

**I.
FACTUAL BACKGROUND**

1.1  On or about December 18, 2014, Plaintiffs filed Plaintiffs' Original Petition in the matter styled *Kelley Geer and Chris Geer v. Allstate Fire and Casualty Insurance Company, Andrew Butler and David Crockett,* Cause No. A-14-0317-CV-C, pending in the 343rd Judicial District Court of Aransas County, Texas, in which Plaintiffs made a claim for damages to their

property under a homeowner's insurance policy with Allstate Fire and Casualty Insurance Company.

1.2     Plaintiffs served Defendant Allstate Fire and Casualty Insurance Company ("Allstate") with Plaintiffs' Original Petition and process on January 6, 2015, by process server on its registered agent, CT Corporation System.

1.3     Plaintiffs served Defendant Andrew Butler ("Butler") with Plaintiffs' Original Petition and process on January 24, 2015, at his residence located at 1535 Blackbridge, San Antonio, Texas  782543.

1.4     Plaintiffs have not yet served Defendant David Crockett ("Crockett") with Plaintiffs' Original Petition.

1.5     Simultaneously with the filing of this notice of removal, attached hereto as Exhibit "A" is the Index of Matters Being Filed.  A copy of the Aransas County District Clerk's file for this case is attached as Exhibit "B" which includes true and correct copies of all executed process, pleadings and orders, and a copy of the docket sheet.  Attached hereto as Exhibit "C" is the Designation of Counsel.

## II.
## BASIS FOR REMOVAL

2.1     Defendant files this notice of removal within 30 days of receiving Plaintiffs' Original Petition.  *See* 28 U.S.C. §1446(b).  This Notice of Removal is being filed within one year of the commencement of this action.  *See id.*

2.2     Removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

A. **THE PROPER PARTIES ARE OF DIVERSE CITIZENSHIP AND THE COURT SHOULD DISREGARD THE CITIZENSHIP OF DEFENDANTS ANDREW BUTLER AND DAVID CROCKET BECAUSE THEY HAVE BEEN IMPROPERLY JOINED IN THIS LAWSUIT.**

2.3 Plaintiffs are, and were at the time the lawsuit was filed, residents of the State of Texas. *See* Plaintiffs' Original Petition, ¶ 2.

2.4 Defendant Allstate Fire and Casualty Insurance Company is an Illinois corporation with its principal place of business in Illinois and is a citizen of the State of Illinois for diversity purposes, and therefore, complete diversity exists.

2.5 Defendant Butler, although not a proper party to this lawsuit, is a citizen of the State of Texas.

2.6 Defendant Crockett, although not a proper party to this lawsuit, is a citizen of the State of Texas.

B. **DEFENDANTS, ADJUSTER ANDREW BUTLER AND ADJUSTER DAVID CROCKETT, HAVE BEEN IMPROPERLY AND/OR FRAUDULENTLY JOINED IN THIS LAWSUIT.**

2.7 With respect to the claims against adjuster Defendants Butler and Crockett, it is Defendant Allstate's position that they have been fraudulently and/or improperly joined in this action and is therefore are not proper parties this lawsuit.  Therefore, the Texas citizenship of Defendants Butler and Crockett should be disregarded for the purposes of evaluating diversity in this matter.

2.8 The doctrine of fraudulent joinder ensures that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity. *See Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009).  Improper joinder is established where the defendant shows (1) actual fraud in the jurisdictional pleadings of the facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.  *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (citing

*Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)); *Jimenez v. Travelers Indem. Co.*, No. H-09-1308, 2010 WL 1257802, *1 (S.D. Tex. Mar. 25, 2010).

2.9   The test for improper joinder is that "there is no reasonable basis for the circuit court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573; *see Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.*, No. H-09-1728, 2009 WL 3602043, at *1 (S.D. Tex. Oct. 27, 2009). The court may conduct the test using a Rule 12(b)(6) analysis of the complaint to determine whether the plaintiff states a claim or using a summary inquiry to identify discrete and undisputed facts that would preclude recovery. *See id*. The failure to specify a legal and factual basis for a claim against a non-diverse party constitutes a failure to state a claim and results in fraudulent joinder of that party. *Waters v. State Farm Mut. Auto. Ins. Co.,* 158 F.R.D. 107, 109 (S.D. Tex. 1994).

2.10   Here, Plaintiffs fail to offer any specific facts in support of their claims against the adjuster Defendants Butler and Crockett and therefore they fail to make the required "factual fit between [their] allegations and the pleaded theory of recovery." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999). *See* Plaintiffs' Original Petition, ¶30 and ¶36. Further, Plaintiffs' conclusory allegations are merely a recitation of the statutory language from Chapter 541 of the Texas Insurance Code and contain no reference to any material facts to which the law should apply.[1]  *See* Exhibit "D," *Sandra Tedder and Richard McClure v. USF&G Specialty*

---

[1] Compare ¶30 and ¶36 of Plaintiffs' Original Petition with TEX. INS. CODE. ANN §§ 541.060 (a)(1), (2)(A), (3), (4)(A)-(B), and (7). The latter reads:

> (a) It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to engage in the following unfair settlement practices with respect to a claim by an insured or beneficiary:
> (1) misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;
> (2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of:
> (A) a claim with respect to which the insurer's liability has become reasonably clear;
> ****

*Insurance Company, n/k/a Geovera Insurance Company, and Matthey T. Mailey,* Civil Action H-10-2676 (S.D.Tex. May 11, 2011).  Plaintiffs' Original Petition actually alleges nothing more than Defendants violated Chapter 541 of the Insurance Code.

2.11  Repeating statutory language is not the same as pleading actionable facts to which a statute should apply.  To the contrary, Plaintiffs' failure to mention any actionable facts related to the conduct of the adjuster Defendants Butler and Crockett constitutes a failure to state a claim and results in fraudulent joinder of that party. *See, e.g., Lakewood Chiropractic Clinic*, 2009 WL 3602043, at *3 (holding that "near verbatim recitations of portions of Chapters 541 and 542 of the Texas Insurance Code" without "facts illustrating what actions are attributable to [the adjuster] individually" does not provide a reasonable basis of recovery); *Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co* ., 4:09-cv-165-A, 2009 WL 1437837, at *3-4 (N.D. Tex. May 22, 2009) (finding allegations that listed Insurance Code provisions and asserted that "Defendants" violated such provisions "are really legal conclusions couched as factual allegations"); *Broadway v. Brewer*, No. 4:08CV475, 2009 WL 1445449, at *2 (E.D. Tex. May 21, 2009) (holding that a petition listing statutory provisions of the Insurance Code that were violated by Defendants "does not, on its face, allege facts supporting an independent cause of action against [the insurance agent]"); *First Baptist Church of Mauriceville, Tex. v. GuideOne Mut. Ins. Co.*, No. 1:07-CV-988, 2008 WL 4533729, at *6 (E.D. Tex. Sept. 29, 2008) (holding that the plaintiffs' Petition "failed to state specific factual averments identifying how [the adjuster] violated the law

---

(3) failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;
(4) failing within a reasonable time to:
(A) affirm or deny coverage of a claim to a policyholder; or
(B) submit a reservation of rights to a policyholder;
                                  ****
(7) refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

in a manner giving rise to the asserted claims"); *Griggs*, 181 F.3d at 701-02 (upholding denial of motion to remand where there were no factual allegations in plaintiff's petition to support claim against agent). Based upon the foregoing, adjuster Defendants Butler and Crockett have been improperly and/or fraudulently joined in this action to defeat diversity jurisdiction.

### C. THE AMOUNT IN CONTROVERSY EXCEEDS THE JURISDICTIONAL REQUIREMENTS FOR SUBJECT MATTER JURISDICTION.

2.12    In determining the amount in controversy, the court may consider "policy limits... penalties, statutory damages, and punitive damages." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *See Ray v. State Farm Lloyds*, No. CIV.A.3:98-CV-1288-G, 1999 WL 151667, at * 2-3 (N.D. Tex. Mar. 10, 1999) (finding a sufficient amount in controversy in plaintiff's case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co.,* 75 F. Supp.2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Ins. Exch.*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

2.13    This is a civil action in which the amount in controversy exceeds $75,000.00. Plaintiffs allege that Defendants are liable under a residential insurance policy because Plaintiffs made a claim under that policy and Defendants wrongfully adjusted and denied Plaintiffs' claim.

2.14    Plaintiffs' Original Petition alleges that Defendants are liable under various causes of action for actual damages, statutory penalties, treble damages, punitive and exemplary damages, and attorney's fees.  *See* Plaintiffs' Original Petition, ¶48 and ¶54.  Further, the Petition reflects that Plaintiffs are seeking monetary relief over $200,000, but not more than $1,000,000. See id., ¶48.   This evidence clearly demonstrates that the amount in controversy in this case exceeds the jurisdictional requirements.

## III.
## THE REMOVAL IS PROCEDURALLY CORRECT

3.1    Defendant Allstate was first served with Plaintiffs' Original Petition and process on January 6, 2015.  Further, Defendant Butler was served with Plaintiffs' Original Petition and process on January 26, 2015.  This notice of removal is filed within the 30-day time period required by 28 U.S.C. § 1446(b).

3.2    Defendant Allstate consents to this removal.  *See* Exhibit "E."

3.3    Defendant Crockett has not been served and therefore, his consent to removal is not required.  Additionally, he has been fraudulently joined solely to defeat diversity jurisdiction. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).

3.4    Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in this District and Division.

3.5    Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

3.6     Pursuant to 28 U.S.C. §1446(d), promptly after Defendant files this Notice, written notice of the filing will be given to Plaintiffs, the adverse party.

3.7     Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Aransas County District Court, promptly after Defendant files this Notice.

## IV.
## CONCLUSION

4.1     Based upon the foregoing, the exhibits submitted in support of this Removal and other documents filed contemporaneously with this Notice of Removal and fully incorporated herein by reference, Defendant Andrew Butler hereby removes this case to this Court for trial and determination.

Respectfully submitted,

  /s/ Roger D. Higgins
Roger D. Higgins
State Bar No. 9601500
Southern District No. 33282
Attorney-in-charge
rhiggins@thompsoncoe.com

Eric K. Bowers
State Bar No.  24045538
Southern District No. 658370
ebowers@thompsoncoe.com

THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 North Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone:      (214) 871-8200
Fax:            (214) 871-8209

ATTORNEYS FOR DEFENDANTS
ALLSTATE FIRE AND CASUALTY INSURANCE
COMPANY AND ANDREW BUTLER

## CERTIFICATE OF SERVICE

This is to certify that on the 23rd day of February, 2015, a copy of this document was mailed to all Counsel of Record via electronic notice and/or certified mail, return receipt requested to:

> Robert D. Green
> Hunter M. Klein
> Robert D. Green & Associates, P.C.
> 440 Louisiana St., Ste. 1930
> Houston, Texas 77002

    /s/ Roger D. Higgins
    Roger D. Higgins