# CIVIL DOCKET

CASE NO. A-14-0317-CV-C

36179052211

Received:

Feb 20 2015 01:52am

01:54:15 p.m.

02-20-2015

2/2

| NUMBER OF CASE | STYLE OF CASE | ATTORNEYS | KIND OF ACTION | DATE OF FILING | | |
|---|---|---|---|---|---|---|
| | | | | Month | Day | Year |
| A-14-0317-CV-C | Kelley, Kevie Chris, for Plaintiff | Robert D. Green | Civil; Contract / Debt / Contract | 12 | 18 | 2014 |

| FEE BOOK | |
|---|---|
| Vol. | Page |
| | |

Allstate, Fire & Casulty Insurance Co., Andrew Butler, + David Crockett

Jury Demanded by PLTF

Jury Fee, $ 30⁰⁰

Paid by Robert D. Green

| DATE OF ORDERS | | | ORDERS OF COURT | Minute Book | | PROCESS |
|---|---|---|---|---|---|---|
| Month | Day | Year | | Vol. | Page | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |



EXHIBIT
B

CAUSE NO. A-14-0317-cv-c

| | | |
|---|---|---|
| KELLEY GEER AND CHRIS GEER, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | ARANSAS COUNTY, TEXAS |
| | § | |
| ALLSTATE FIRE & CASUALTY | § | |
| INSURANCE COMPANY, ANDREW | § | |
| BUTLER, AND DAVID | § | |
| CROCKETT | § | |
| | § | |
| *Defendants.* | § | 343RD JUDICIAL DISTRICT |

---

### PLAINTIFFS' ORIGINAL PETITION

---

KELLEY & CHRIS GEER ("Plaintiffs") file this *Plaintiffs' Original Petition*, complaining

of ALLSTATE FIRE & CASUALTY INSURANCE COMPANY ("Allstate"), ANDREW BUTLER

("Butler"), and DAVID CROCKETT (Crockett), (collectively "Defendants") and would respectfully

show as follows:

### I.
### DISCOVERY CONTROL PLAN

1.      Plaintiffs request that discovery in this case be conducted under the provisions of Texas Rule

of Civil Procedure 190.4 (Level 3), and requests that the Court enter an appropriate scheduling

order.

### II.
### PARTIES

2.      Plaintiffs are individuals residing in Aransas County, Texas.

**Electronically Filed**
**12/18/2014 4:17:46 PM**
**District Clerk, Pam Heard**
**Aransas County, Texas**
**By: Cassandra Perkins**

3.  Defendant ALLSTATE FIRE & CASUALTY INSURANCE COMPANY is a foreign

insurance company authorized to do business in the state of Texas, and may be served with

citation through its agent for service, C T Corporation System, 1999 Bryan Street, Suite

900, Dallas Texas 75201-3136.

4.  Defendant ANDREW BUTLER is an individual residing in Texas and may be served with

process at 1535 Blackbridge, San Antonio, TX 78253.

5.  Defendant DAVID CROCKETT is an individual residing in Texas and may be served with

process at 123 Rainbow Dr. PMB 1358, Livingston, TX 77399.

6.  The Clerk is requested to issue Citations.

### III.
### JURISDICTION AND VENUE

7.  This Court has jurisdiction over this case because the amount in controversy is within the

jurisdictional limits of the Court, and because the events giving rise to Plaintiffs' claims occurred

in this jurisdiction.

8.  This Court has jurisdiction over Defendant Allstate because this Defendant committed a tort

in Texas and because this Defendant engages in the business of insurance in Texas.

9.  This Court has jurisdiction over Defendant Butler because this Defendant is a resident of

Texas, this Defendant committed a tort in Texas, and because this Defendant engages in the

business of insurance in Texas.

10.  This Court has jurisdiction over Defendant Crockett because this Defendant is a resident of

Texas, this Defendant committed a tort in Texas, and because this Defendant engages in the

business of insurance in Texas.

2

11.   Venue is proper in this county because the property at issue in this case is in this county, and because the events giving rise to this lawsuit occurred in this county.

## IV.
## FACTS

12.   On May 8, 2014, Plaintiffs owned certain real property with improvements and personal property located at 106 Easterner, Rockwall, Texas (the "Property"), that was insured by an insurance policy issued by Defendant Allstate (the "Policy").

13.   On or about May 8, 2014, a hail and wind storm occurred causing severe damage to Plaintiffs' home.

14.   After the loss, Plaintiffs made a claim and demand for payment on Defendant Allstate for damages to the Property and other damages covered by the terms of the Policy (the "Claim").

15.   Subsequent to Plaintiffs making the Claim, Defendant Allstate assigned Defendant Crockett to adjust the claim. At all times material herein, Defendant Crockett was acting in furtherance of the business of Allstate while adjusting the Claim.

16.   On March 6, 2014, Defendant Crockett sent written notice to Plaintiffs that Defendant Allstate was denying payment of their claim under the Policy, wrongly stating the damages to Plaintiffs' property were caused by surface water.

17.   Subsequently, Plaintiffs were forced to hire a Public Adjuster.

18.   Defendant Butler re-inspected the property, and continued to ignore the information submitted by the Public Adjuster and wrongfully denied the claim.

19.   All Defendants failed to comply with the Policy, the Texas Insurance Code and Texas law in handling Plaintiffs' Claim. Further, Defendants have refused to pay all amounts due and owing

under the Policy for the Claim, compelling Plaintiffs to file a lawsuit.

20.  Plaintiffs have complied with any and all of Plaintiffs' obligations under the Policy.

## V.
## CAUSES OF ACTION

**A. Count One: Breach of Contract** (against Defendant Allstate).

21.  Plaintiffs re-allege and incorporate the preceding paragraphs of this petition and additionally

allege as follows:

22.  The Policy is a valid, binding and enforceable contract between Plaintiffs and Defendant

Allstate. Defendant Allstate breached the contract by refusing to perform its obligations under

the terms of the Policy and pursuant to Texas law. Defendant Allstate breach proximately caused

Plaintiffs' injuries and damages. These damages are all a result of Defendant's failure to pay

what was owed. All conditions precedent required under the Policy have been performed,

excused, waived or otherwise satisfied by Plaintiffs.

**B. Count Two: Unfair Settlement Practices** (against all Defendants).

23.  Plaintiffs re-allege and incorporate the preceding paragraphs of this petition and additionally

allege as follows:

24.  Defendants violated TEX. INS. CODE § 541.060(a) by engaging in unfair settlement practices.

25.  Defendant Allstate engaged in unfair settlement practices by:

   a) Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of
      the Claim, even though Defendant Allstate liability under the Policy was reasonably
      clear. TEX. INS. CODE § 541.060(2)(A). Defendant Allstate never attempted to resolve the
      Claim.

   b) Failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the
      Policy, in relation to the facts or applicable law, for the denial of the Claim by Defendant

Allstate or offer of a compromise settlement of the Claim. TEX. INS. CODE § 541.060(3). Defendant Allstate never offered a compromise settlement. Defendant Allstate never paid the full value of the loss and never offered any explanation under the facts or the Policy for that refusal.

c) Compelling Plaintiffs to institute a lawsuit to recover amounts due under the Policy by refusing to cover Plaintiffs' losses. TEX. INS. CODE §542.003(b)(5). This continued failure compelled Plaintiffs to file suit.

26.     Each of the foregoing unfair settlement practices were completed knowingly by Defendant Allstate, and was a producing cause of Plaintiffs' injuries and damages. Defendant Allstate had actual knowledge of the facts yet, in spite of that knowledge, consciously made the decisions outlined above. The injuries or damages are the actual damages outlined above, as well as the loss of use, loss of time, the engagement of public adjusters, and other expenses as well as consequential damages.

Defendant Crockett

27.     Defendant Crockett was charged with investigating the Claim and communicating with the insured about Policy terms. Insurance adjusters are "persons engaged in the business of insurance" under the Texas Insurance Code § 541.001, *et seq.*, and are individually liable for their individual violations of the Texas Insurance Code. *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482 (Tex. 1998).

28.     Defendant Crockett was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiffs' Claim, including fully quantifying: 1) the damage to the structure of Plaintiffs' home; and 2) Plaintiffs' personal property losses.

29.     Defendant Crockett conducted inspections of the Property. During those inspections,

Defendant Crockett was tasked with the responsibility of conducting a thorough and reasonable investigation of the Claim, including fully quantifying the damage to Plaintiffs' Property.

30.     In summary, Defendant Crockett engaged in unfair settlement practices by:

a) Misrepresenting to Plaintiffs material facts or policy provisions relating to the coverage at issue (the amount of the damage). TEX. INS. CODE § 541.060(1).

b) Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim, even though the liability of Defendant Allstate under the Policy was reasonably clear (Defendants never tried to reach a compromise settlement). TEX. INS. CODE § 541.060(2)(A).

c) Failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the denial of the Claim by Defendant Allstate or offer a compromise settlement of the Claim. TEX. INS. CODE § 541.060(3). Defendant Crockett never offered a compromise settlement. Defendant Crockett never paid the full value of the loss and never offered any explanation under the facts or the Policy for that refusal.

d) Failing to conduct a reasonable investigation of Plaintiffs' Claim. TEX. INS. CODE § 541.060(4). Defendant Crockett was not reasonable in his investigation and estimate of the Claim. A proper investigation would have revealed additional damage other than the damage outlined in Defendants' estimate and that that damage is covered under the Policy.

31.     Defendants' conduct compelled Plaintiffs to initiate a lawsuit to recover amounts due under the policy by offering substantially less than the amount ultimately recovered. TEX. INS. CODE § 542.003(5).

32.     Each of the foregoing unfair settlement practices were completed knowingly by Defendant Crockett and was a producing cause of Plaintiffs' injuries and damages. Defendant Crockett had actual knowledge of the facts yet, in spite of that knowledge, consciously made the decisions outlined above. The injuries and damages are the actual damages outlined above, as well as loss of use, loss of time, the engagement of a public adjuster, and other expenses as well as other

consequential damages.

Defendant Butler

33.     Defendant Butler was charged with investigating the Claim and communicating with the

insured about Policy terms. Insurance adjusters are "persons engaged in the business of

insurance" under the Texas Insurance Code § 541.001, *et seq.*, and are individually liable for

their individual violations of the Texas Insurance Code. *Liberty Mut. Ins. Co. v. Garrison

Contractors, Inc.*, 966 S.W.2d 482 (Tex. 1998).

34.     Defendant Butler was tasked with the responsibility of conducting a thorough and reasonable

investigation of Plaintiffs' Claim, including fully quantifying: 1) the damage to the structure of

Plaintiffs' home; and 2) Plaintiffs' personal property losses.

35.     Defendant Butler conducted inspections of the Property. During those inspections, Defendant

Butler was tasked with the responsibility of conducting a thorough and reasonable investigation

of the Claim, including fully quantifying the damage to Plaintiffs' Property.

36.     In summary, Defendant Butler engaged in unfair settlement practices by:

     e)   Misrepresenting to Plaintiffs material facts or policy provisions relating to the coverage
          at issue (the amount of the damage). TEX. INS. CODE § 541.060(1).

     f)   Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of
          the Claim, even though the liability of Defendant Allstate under the Policy was
          reasonably clear (Defendants never tried to reach a compromise settlement). TEX. INS.
          CODE § 541.060(2)(A).

     g)   Failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the
          Policy, in relation to the facts or applicable law, for the denial of the Claim by Defendant
          Allstate or offer a compromise settlement of the Claim. TEX. INS. CODE § 541.060(3).
          Defendant Butler never offered a compromise settlement. Defendant Butler never paid
          the full value of the loss and never offered any explanation under the facts or the Policy
          for that refusal.

7

h) Failing to conduct a reasonable investigation of Plaintiffs' Claim. TEX. INS. CODE § 541.060(4). Defendant Butler was not reasonable in his investigation and estimate of the Claim. A proper investigation would have revealed additional damage other than the damage outlined in Defendants' estimate and that that damage is covered under the Policy.

37.     Defendants' conduct compelled Plaintiffs to initiate a lawsuit to recover amounts due under the policy by offering substantially less than the amount ultimately recovered. TEX. INS. CODE § 542.003(5).

38.     Each of the foregoing unfair settlement practices were completed knowingly by Defendant Butler and was a producing cause of Plaintiffs' injuries and damages. Defendant Butler had actual knowledge of the facts yet, in spite of that knowledge, consciously made the decisions outlined above. The injuries and damages are the actual damages outlined above, as well as loss of use, loss of time, the engagement of a public adjuster, and other expenses as well as other consequential damages.

**C. Count Three: Prompt Payment of Claims** (against Defendant Allstate).

39.     Plaintiffs re-allege and incorporate the preceding paragraphs of this petition and additionally allege as follows:

40.     The Claim is a claim under an insurance policy with Defendant Allstate, in which Allstate violated the prompt payment of claims provisions of TEX. INS. CODE § 542.051, *et seq.* Plaintiffs gave Defendant Allstate proper notice. Defendant Allstate is liable for the Claim. Defendant Allstate violated the prompt payment of claims provisions of TEX. INS. CODE § 542.051, *et seq.* by:

8

a) Failing to acknowledge receipt of the Claim, commence investigation of the Claim, and/or request from Plaintiffs all items, statements, and forms that Defendant Allstate reasonably believed would be required within the time constraints provided by TEX. INS. CODE § 542.055;

b) Failing to notify Plaintiffs in writing of its acceptance or rejection of the Claim within the applicable time constraints provided by TEX. INS. CODE § 542.056; and/or by

c) Delaying payment of the Claim following Defendant Allstate's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by TEX. INS. CODE § 542.058. Defendant Allstate had all the items, statements, and forms reasonably requested within the time constraints of TEX. INS. CODE § 542.055 by at least the date of the denial of the claim. Defendant Allstate owes the unpaid Claim, to which 18% penalty per annum attaches.

**D. Count Four: Breach of the Duty of Good Faith and Fair Dealing/Bad Faith** (against Defendant Allstate).

41.     Plaintiffs re-allege and incorporate the preceding paragraphs of this petition and additionally allege as follows:

42.     Defendant Allstate breached the common law duty of good faith and fair dealing owed to Plaintiffs by denying or delaying payment on the Claim when Defendant Allstate knew or should have known that liability was reasonably clear. Defendant Allstate's conduct proximately caused Plaintiffs' injuries and damages. Defendant Allstate has withheld payment of the amounts owed above. Defendant Allstate was grossly negligent and/or intentional in its breach, thus giving rise to punitive damages. The liability of Defendant Allstate was reasonably clear, yet it failed to reasonably settle the Claim. This bad faith caused damages independent of the original damage caused by the occurrence. These include loss of use, public adjuster fees, loss of time, and other consequential damages.

**E. Count Five: Violations of the Texas Deceptive Trade Practices Act** (against all Defendants).

9

43.   Plaintiffs re-allege and incorporate the preceding paragraphs of this petition and additionally

allege as follows:

44.   Defendants' conduct violated the Texas Deceptive Trade Practices Act, TEX. BUS. & COM.

CODE § 17.41, *et seq.* ("D.T.P.A.") by engaging in "false, misleading or deceptive acts and

practices."

45.   Plaintiffs are "consumers" in that Plaintiffs acquired goods and/or services by purchase, and

the goods and/or services form the basis of this action.

46.   · Defendants committed numerous violations of the D.T.P.A., insofar as Defendants:

   a)   Represented that goods or services have sponsorship, approval, characteristics,
        ingredients, uses, benefits, or quantities which they do not have;

   b)   Represented that an agreement confers or involves rights, remedies, or obligations which
        it does not have or involve, or which are prohibited by law;

   c)   Failed to disclose information concerning goods or services which was known at the time
        of the transaction when such failure to disclose such information was intended to induce
        the consumer into a transaction into which the consumer would not have entered had the
        information been disclosed;

   d)   Generally engaged in unconscionable courses of action while handling the Claim; and/or

   e)   Violated the provisions of the Texas Insurance Code described herein.

47.   Defendants took advantage of Plaintiffs' lack of knowledge, ability, experience or capacity to

a grossly unfair degree and to Plaintiffs' detriment. As a result of the Defendants' violations of

the D.T.P.A., Plaintiffs suffered actual damages. In addition, Defendants committed the above

acts knowingly and/or intentionally, entitling Plaintiffs to three times Plaintiffs' damages for

economic relief and mental anguish.

## VI.
## DAMAGES

48.     Upon the trial of this case, it shall be shown that Plaintiffs were caused to sustain damages as

a result of Defendants' conduct. Plaintiffs respectfully requests the Court and jury award the

amount of loss Plaintiffs have incurred in the past and will incur in the future. There are certain

elements of damages to be considered separately and individually for the purpose of determining

the sum of money that would fairly and reasonably compensate Plaintiffs for the injuries,

damages and losses incurred and to be incurred. From the date of the occurrence in question

until the time of trial of this cause, Plaintiffs seek every element of damage allowed by Texas law

with respect to the causes of action mentioned above, including but not limited to Plaintiffs'

actual damages, policy benefits, pre-judgment interest, post judgment interest, court costs,

attorneys' fees, treble damages, statutory interest and penalties, exemplary damages, mental

anguish, and consequential damages including but not limited to loss of use, loss of time, and

public adjuster fees. These damages include both direct damages and damages that are

independent of the original breach of contract. Plaintiffs seek monetary relief between $200,000

and $1 million. The damages sought are within the jurisdictional limits of this Court.

## VII.
## NO FEDERAL JURISDICTION

49.     There is no federal jurisdiction in this case. There is no federal question and no diversity as

defendants are Texas residents. The causes of action against the Texas residents are valid causes of

action under the Texas Insurance Code and decisions of the Texas Supreme Court. Although other

defendants have attempted to remove in similar circumstances, federal judges have repeatedly

11

remanded the cases. The Texas Supreme Court, the Fifth Circuit, and numerous U.S. district courts[1] have recognized that adjusters can be liable under the Texas Insurance Code. *See Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998); *Gasch v. Hartford*, 491 F.3d 278, 282 (5th Cir. 2007) (interpreting Texas law).

50.     Chapter 541 of the Texas Insurance Code, which acts as a "tie-in statute," specifically provides a cause of action under its provisions for any practice "specifically enumerated in a subdivision of Section 17.46(b)" of the DTPA. TEX. INS. CODE § 541.151(2) (Vernon 2010). The Texas Supreme Court noted that the Texas Department of Insurance has adopted section 21.1 of the Texas Administrative Code to "further define" those who may be held liable under the Insurance Code:

---

[1]     *See, e.g., Grace Tabernacle v. State Farm*, Cause No. 1:02-CV-331, Memorandum Opinion and Order of Remand, pp. 2–3 (E.D. Tex.) ("[w]hen confronted with the viability of an Article 21.21 [now codified as Chapter 541] claim against persons in their individual capacity, the Texas Supreme Court squarely held that 'Article 21.21 provides a cause of action against insurance company employees whose job duties call for them to engage in the business of insurance'"); *Albair v. Allstate Texas Lloyds, et al.*, Civil Action No. 1:03CV91, Memorandum and Order (E.D. Tex. April 16, 2003) (remanding the case in finding nothing in the record indicating that the plaintiffs, after a period of discovery, would not be able to establish their claims as alleged against either adjuster defendant); *Magnes v. State Farm, et al.*, Civil Action No. 1:02-CV-270 (E.D. Tex.), Report and Recommendation of the United States Magistrate Judge; *Linda Duvall v. Allstate Insurance Company, et al.*, Civil Action No. H-03-5312 (S.D. Tex.) (holding that the insurer's adjuster had "engaged in the business of insurance"); *Fern Francis-Jackson v. Liberty Mutual Fire Ins. Co.*, No. H- 10-976. at *8 (S.D. Tex. June 1, 2010) [citing *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462 (5th Cir. 2003)] (Judge Hittner remanded the case back to state court after concluding that "the Court does not have subject matter jurisdiction to hear this case, and it was therefore improvidently removed." *Id.* at *9); *CD Mgmt. Corp. d/b/a US Supermarket v. Nationwide Prop. & Gas. Ins. Co.*, No. H-09-1701, at *9 (S.D. Tex. July 28, 2009) (Judge Lee Rosenthal held that independent adjusters can be held liable under Texas Insurance Code § 541.060(a). Judge Rosenthal further noted that "[e]ven before *Gasch*, some courts held that an independent adjuster could be liable under the Texas Insurance Code." *Id.* at *8 n.1 (citing *McNeel v. Kemper Cas. Ins. Co.*, No. Civ. A. 3:04-CV-0734, 2004 WL 1635757, at *2–3 (N.D. Tex. July 21, 2004)); *Kimberly Trimmer-Davis v. State Farm Lloyds of Tex. Ins. Co., et al.*, No. H-09-2260, at *7 (S.D. Tex. Sept. 29, 2009) (Hoyt, J. held that "Texas law clearly authorizes suits against insurance adjusters in their individual capacities."); *Blanchard v. State Farm Lloyds*, 206 F. Supp.2d 840, 846-848 (S.D. Tex. 2001) ("[T]his court cannot hold that there is no reasonable possibility that Plaintiffs could establish a claim against [the adjuster] in state court. ..."); *Tenner v. Prudential Ins. Co. of Am.*, 872 F. Supp. 1571, 1574 (E.D. Tex. 1994) (holding that the insured could maintain an action under the DTPA and Texas Insurance Code against the insurance agent in her individual capacity).

12

> It is the purpose of these sections to further define and state the standards that are necessary to prohibit deceptive acts or deceptive practices by insurers and insurance agents and *other persons in their conduct of the business of insurance irrespective of whether the person is acting as insurer, principal, agent, employer, or employee, or in other capacity or connection with such insurer.*

*Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 485 (Tex. 1998) (citing 28

TEX. ADMIN. CODE § 21.1 (West 1997) (emphasis added)). Hence, Defendants can be held liable

under the Texas Insurance Code.

51.     Removal of this case would be in blatant disregard for established case law which would

entitle the Plaintiffs to their attorneys' fees for contesting the removal.

### VIII.
### JURY DEMAND

52.     Plaintiffs request a jury trial, and herewith tender a jury fee.

### IX.
### REQUEST FOR DISCLOSURE

53.     Pursuant to Texas Rule of Civil Procedure 194, Plaintiffs request that Defendants disclose

the information or material described in Rule 194.2.

### X.
### PRAYER

54.     **WHEREFORE, PREMISES CONSIDERED,** Plaintiffs pray that final judgment be

rendered for Plaintiffs as follows:

1) Judgment against Defendants for actual damages in an amount to be determined by the jury;

2) Statutory interests and penalties;

3) Treble damages;

4) Exemplary and punitive damages;

5) Pre-judgment interest as provided by law;

6) Post judgment interest as provided by law;

7) Consequential damages;

8) Attorneys' fees;

9) Costs of suit; and

10) Such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

ROBERT D. GREEN & ASSOCIATES, P.C.

BY:   /s/ Robert D. Green
      Robert D. Green
      State Bar No. 08368025
      Hunter M. Klein
      State Bar No. 24082117
      440 Louisiana St., Ste. 1930
      Houston, Texas 77002
      Telephone:  (713) 654-9222
      Facsimile:  (713) 654-2155
      Email – green@greentriallaw.com
      Email – klein@greentriallaw.com

ATTORNEYS FOR PLAINTIFFS
CHRIS GEER AND KELLY GEER

14

39879-1

# RETURN



Kelley Geer, Chris Geer vs. Allstate Fire &
Casualty Insurance Company, Andrew
Butler, David Crockett

### 343RD DISTRICT COURT

### ARANSAS COUNTY, TEXAS

### DOCKET NO. A-14-0317-CV-C

CITATION

**ALLSTATE FIRE & CASUALTY INSURANCE COMPANY**
<u>C/O AGENT FOR SERVICE:</u>
CT CORPORATION SYSTEM
1999 BRYAN ST SUITE 900
DALLAS TX 75201-3136

You are hereby commanded to appear before the 343RD DISTRICT COURT of ARANSAS County, Texas by filing a written answer to the Plaintiffs **PLAINTIFFS' ORIGINAL PETITION** on or before 10 o'clock A.M. of the Monday next after expiration of 20 days after the date of service hereof, a copy of which accompanies this citation, in cause numbered <u>A-14-0317-CV-C</u>, styled Kelley <u>Geer, Chris Geer vs. Allstate Fire & Casualty Insurance Company, Andrew Butler, David Crockett,</u> filed in said court on December 18, 2014.

The name and address of the attorney for plaintiff/petitioner, is ROBERT D. GREEN, 440 LOUISIANA ST., STE. 1930, HOUSTON, TEXAS 77002.

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do (does) not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

WITNESS, PAM HEARD, Clerk of the 343RD DISTRICT COURT of ARANSAS County, Texas.

Issued and given under my hand and seal this the 23rd day of December, 2014.

PAM HEARD, District Clerk of ARANSAS County, Texas.
301 North Live Oak
Rockport Texas 78382

By _____

Cassandra N. Perkins, Deputy

#### OFFICER/AUTHORIZED PERSON RETURN

Came to hand on the _____ day of _____
(address) _____
____.M. on the _____ day of _____
in person, a true copy of this Citation together with the
attached thereto and I endorsed on said con~
To certify which I affix my hand official.
FEE: $ _____

_____, at _____ o'clock ___.M. Executed at
f_____ Texas, at _____ o'clock
_____ defendant,
the _____ Petition

_____.

Delivered by: _____

_____County, Texas

By _____Deputy

**AFFIDAVIT ATTACHED**

_____Affiant

## AFFIDAVIT OF SERVICE

State of Texas                    County of Aransas                    343rd Judicial District Court

Case Number: A-14-0317-CV-C

Plaintiff:
**Kelley Greer and Chris Greer**
vs.
Defendant:
**Allstate Fire & Casualty Insurance Company, Andrew Butler, and David Crockett**

For:
Robert D Green
440 Louisiana Street
Suite 1930
Houston, TX  77002

Received by ProActive Legal Solutions on the 6th day of January, 2015 at 11:30 am to be served on **Registered Agent for Allstate Fire & Casualty Insurance Company C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201.**

I, Anthony Collins, being duly sworn, depose and say that on the **6th day of January, 2015 at 1:45 pm, I:**

Executed service by delivering a true copy of the **Citation, Copy of Plaintiff's Original Petition** , to: **Jennifer Duddington** as **Authorized Acceptance Agent** at the address of: 1999 Bryan Street, Suite 900, Dallas, TX 75201, who is authorized to accept service for **Allstate Fire & Casualty Insurance Company**, and informed said person of the contents therein, in compliance with state statutes.

"I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. I have personal knowledge of the facts set forth in this affidavit, and they are true and correct."

Subscribed and Sworn to before me on the 9th day of
January, 2015 by the affiant who is personally known to
me.

_____
NOTARY PUBLIC

JONATHAN PEKAR
Notary Public, State of Texas
My Commission Expires
December 29, 2018

**Anthony Collins**
SCH 357 Expires 12/31/2016

**ProActive Legal Solutions**
P.O.Box 8538
Houston, TX 77249
**(832) 209-7760**

Our Job Serial Number: ONT-2015000032
Ref: 39879-1

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n



39879-2

# RETURN

Kelley Geer, Chris Geer vs. Allstate Fire &
Casualty Insurance Company, Andrew
Butler, David Crockett

**343RD DISTRICT COURT**

**ARANSAS COUNTY, TEXAS**

**DOCKET NO. A-14-0317-CV-C**

### CITATION

ANDREW BUTLER
1535 BLACKBRIDGE
SAN ANTONIO TX 78253

You are hereby commanded to appear before the 343RD DISTRICT COURT of ARANSAS County, Texas by filing a written answer to the Plaintiff's **PLAINTIFFS' ORIGINAL PETITION** on or before 10 o'clock A.M. of the Monday next after expiration of 20 days after the date of service hereof, a copy of which accompanies this citation, in cause numbered A-14-0317-CV-C, styled Kelley Geer, Chris Geer vs. Allstate Fire & Casualty Insurance Company, Andrew Butler, David Crockett, filed in said court on December 18, 2014.

The name and address of the attorney for plaintiff/petitioner, is ROBERT D. GREEN, 440 LOUISIANA ST., STE. 1930, HOUSTON, TEXAS 77002.

**NOTICE TO DEFENDANT**: You have been sued. You may employ an attorney. If you or your attorney do (does) not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

WITNESS, PAM HEARD, Clerk of the 343RD DISTRICT COURT of ARANSAS County, Texas.

Issued and given under my hand and seal this the 23rd day of December, 2014.

PAM HEARD, District Clerk of ARANSAS County, Texas.
301 North Live Oak
Rockport Texas 78382

By _C. N. Perkins_

Cassandra N. Perkins, Deputy

---

### OFFICER/AUTHORIZED PERSON RETURN

Came to hand on the _____ day of _____, _____, at _____ o'clock ____.M. Executed at (address) _____ in the County of_____ Texas, at _____ o'clock ____.M. on the _____ day of_____, _____ by delivering to _____ defendant, in person, a true copy of this Citation together with the accompanying _____ copy(ies) of the _____ Petition attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.
FEE: $ _____

Delivered by: _____

_____County, Texas

By _____Deputy

_____Affiant

CAUSE NO.  A-14-0317-CV-C

| | | |
|---|---|---|
| KELLEY GEER AND CHRIS GEER | § | IN THE  DISTRICT COURT |
| | § | |
| | § | |
| VS | § | 343RD JUDICIAL DISTRICT |
| | § | |
| ALLSTATE FIRE & CASUALTY INSURANCE | § | |
| COMPANY, ET AL | § | ARANSAS COUNTY, TX |

## RETURN OF SERVICE

**Came to hand:**  January 5, 2015, at 11:00 AM

☒     CITATION, PLAINTIFF'S ORIGINAL PETITION

**Executed on:** January 24, 2015  at 01:35 PM.

**Executed at:**  1535 BLACKBRIDGE SAN ANTONIO, TX 78253, within the county of BEXAR, by delivering to ANDREW BUTLER   in person a true copy of the above specified civil process having first endorsed on such copy the date of delivery.

I am over the age of 18, not a party to this case, nor am I related to, employed by, or otherwise connected to any party or any party's attorney in this case; and I have no interest in the outcome of the above numbered suit.  I am of sound mind and have never been convicted of a felony or misdemeanor involving moral turpitude.

Every statement in this Return is true and correct
Sworn to this **26** day of **Jan** , 2015.

_____
ANDREW C MANGER IV          SCH #822
Expiration Date: 08/31/2017

## VERIFICATION

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF  _Bexar_ | § |

Before me, a notary public, on this day personally appeared the above named authorized person, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are true and correct.  Given under my hand and seal of office on this the **26** day of _____ , 2015.

_____
Notary Public

```
          COSHENA MEYER
     Notary Public, State of Texas
        My Commission Expires
           April 19, 2018
```

15-01-0022.1

CAUSE NO. A-14-0317-CV-C

| | | |
|---|---|---|
| KELLEY GEER AND CHRIS GEER, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | 343RD JUDICIAL DISTRICT COURT |
| | § | |
| ALLSTATE FIRE AND CASUALTY | § | |
| INSURANCE COMPANY, ANDREW | § | |
| BUTLER AND DAVID CROCKETT | § | |
| | § | |
| Defendants. | § | ARANSAS COUNTY, TEXAS |

## DEFENDANT ALLSTATE FIRE AND CASUALTY
## INSURANCE COMPANY'S ORIGINAL ANSWER

COMES NOW, ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY ("Defendant"), and files this Original Answer and would respectfully show the following:

### I.
### ORIGINAL ANSWER

1.1   Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies all of the allegations contained within Plaintiff's Original Petition, and demands strict proof thereon by a preponderance of the evidence in accordance with the Constitution and laws of the State of Texas.

### II.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY prays that upon final trial and hearing hereof, Plaintiff recovers nothing from Defendant, and that Defendant recovers its court costs and other such further relief, both general and special, at law and in equity, to which Defendant may be justly entitled.

Electronically Filed
1/30/2015 10:12:15 AM
District Clerk, Pam Heard
Aransas County, Texas
By: Cassandra Perkins

Respectfully submitted,

*/s/ Roger D. Higgins*
Roger D. Higgins
State Bar No. 9601500
Eric K. Bowers
State Bar No. 24045538

THOMPSON, COE, COUSINS & IRONS, L.L.P.
Plaza of the Americas
700 N. Pearl Street, Twenty-Fifth Floor
Dallas, Texas 75201-2832
Telephone:  (214) 871-8200
Telecopy:  (214) 871-8209
rhiggins@thompsoncoe.com
ebowers@thompsoncoe.com

**ATTORNEYS FOR DEFENDANT
ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that on January 30, 2015, a true and correct copy of the foregoing was delivered to the following counsel for Plaintiff by electronic service:

Robert D. Green
Hunter M. Klein
ROBERT D. GREEN & ASSOCIATES, P.C.
440 Louisiana St., Ste. 1930
Houston, Texas  77002
Facsimile:  (713) 654-9222
green@greentriallaw.com
klein@greentriallaw.com

*/s/ Eric K. Bowers*
Eric K. Bowers

CAUSE NO. A-14-0317-CV-C

| | | |
|---|---|---|
| KELLEY GEER AND CHRIS GEER, | § | IN THE DISTRICT COURT |
| | § | |
|     Plaintiffs, | § | |
| | § | |
| vs. | § | 343RD JUDICIAL DISTRICT COURT |
| | § | |
| ALLSTATE FIRE AND CASUALTY | § | |
| INSURANCE COMPANY, ANDREW | § | |
| BUTLER AND DAVID CROCKETT | § | |
| | § | |
|     Defendants. | § | ARANSAS COUNTY, TEXAS |

**DEFENDANT ANDREW BUTLER'S**
**ORIGINAL ANSWER**

Defendant, ANDREW BUTLER files this Original Answer and would respectfully show

the following:

**I.**
**ORIGINAL ANSWER**

1.1     Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally

denies all of the allegations contained within Plaintiffs' Original Petition, and demands strict proof

thereon by a preponderance of the evidence in accordance with the Constitution and laws of the

State of Texas.

**II.**
**PRAYER**

Defendant ANDREW BUTLER prays that upon final trial and hearing hereof, Plaintiffs

recover nothing from Defendant, and that Defendant recovers his court costs and other such

further relief, both general and special, at law and in equity, to which Defendant may be justly

entitled.

Electronically Filed
2/16/2015 11:01:12 AM
District Clerk, Pam Heard
Aransas County, Texas
By: Cassandra Perkins

Respectfully submitted,

 /s/ Roger D. Higgins

Roger D. Higgins
State Bar No. 9601500
Eric K. Bowers
State Bar No. 24045538

THOMPSON, COE, COUSINS & IRONS, L.L.P.
Plaza of the Americas
700 N. Pearl Street, Twenty-Fifth Floor
Dallas, Texas 75201-2832
Telephone:  (214) 871-8200
Telecopy:  (214) 871-8209
rhiggins@thompsoncoe.com
ebowers@thompsoncoe.com

**ATTORNEYS FOR DEFENDANTS
ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY and ANDREW
BUTLER**

## CERTIFICATE OF SERVICE

This is to certify that on February 16, 2015, a true and correct copy of the foregoing was delivered to the following counsel for Plaintiff by electronic service:

Robert D. Green
Hunter M. Klein
ROBERT D. GREEN & ASSOCIATES, P.C.
440 Louisiana St., Ste. 1930
Houston, Texas  77002
Facsimile:  (713) 654-9222
green@greentriallaw.com
klein@greentriallaw.com

 /s/ Eric K. Bowers

Eric K. Bowers

CAUSE NO. A-14-0317-CV-C

| | | |
|---|---|---|
| KELLEY GEER AND CHRIS GEER, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | 343RD JUDICIAL DISTRICT COURT |
| | § | |
| ALLSTATE FIRE AND CASUALTY | § | |
| INSURANCE COMPANY, ANDREW | § | |
| BUTLER AND DAVID CROCKETT | § | |
| | § | |
| Defendants. | § | ARANSAS COUNTY, TEXAS |

### DEFENDANTS ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY AND ANDREW BUTLER'S AMENDED ANSWER

DEFENDANTS ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY and ANDREW BUTLER ("Defendants") file this Amended Answer and would respectfully show:

### I.     GENERAL DENIAL

1.     Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants generally deny all of the allegations contained within Plaintiffs' Original Petition and demand strict proof thereon by a preponderance of the evidence in accordance with the Constitution and laws of the State of Texas.

### II.     DENIAL OF CONDITIONS PRECEDENT

#### A. Loss During The Policy Period

2.     The policy applies only to loss that occurs during the policy period.  To the extent that any part of the loss of which Plaintiffs complain did not occur during this policy period, the policy provides no coverage for the same.

#### B. Ensuing Loss

3.     The policy does not cover interior damage caused by rain, snow or sleet unless the following condition is met:

**Losses We Cover Under Coverage A, Coverage B and Coverage C:**

**We** will cover sudden and accidental direct physical loss to the property described in **Coverage A—Dwelling Protection, Coverage B—Other Structures Protection** and **Coverage C—Personal Property Protection**, except as limited or excluded in this policy, caused by:

* * *

2.    Windstorm, Hurricane or Hail.

    **We** do not cover:

    a)    loss to covered property inside a **building structure**, caused by rain, snow, sleet, sand or dust unless the wind or hail first damage the roof or walls and the wind forces rain, snow, sleet, sand or dust through the damaged roof or wall;

* * *

Because this condition for coverage is not satisfied, Plaintiffs are not entitled to coverage for their ensuing loss, if any, to the interior of the property at issue.

## III.    AFFIRMATIVE DEFENSES

### A. <u>Limitation on Punitive/Exemplary Damages</u>

4.    Defendants deny any liability to Plaintiffs for alleged extra-contractual damages. Pleading alternatively, Defendants plead that any award to Plaintiffs of exemplary, additional, treble or punitive damages or penalties is limited pursuant to Tex. Civ. Prac. & Rem. Code Ann. chapter 41 and Tex. Ins. Code sections 541.152 and 542.060.  Under the facts of this case, however, an award of exemplary, additional, treble or punitive damages or penalties consistent with the maximum awards permitted under these statutes would violate Defendants' State and Federal constitutional rights. Defendants affirmatively plead that an award of exemplary, additional, treble or punitive damages or penalties would violate the due process and equal protection clauses of the United States and Texas Constitutions.  Defendants affirmatively plead that an award of exemplary, additional, treble or punitive damages or penalties would be both

arbitrary and excessive in that (1) Texas procedure lacks adequate safeguards in violation of the due process clauses of the United States and Texas Constitutions, and (2) Defendants would not be afforded equal protection against extra-contractual damages that would be limited or capped for others.

5.     As a specific defense, Defendants assert that Plaintiffs' claims for punitive damages, if any, cannot be sustained pursuant to Texas law regarding the standards for determining liability for and the amount of punitive damages.  The imposition of punitive damages in this case would be fundamentally unfair and would violate the Constitution of the United States and the Constitutions of the State of Texas in one or more of the following respects, to wit:

a)     Due process requires proof of gross negligence and punitive damages by a standard greater than the "preponderance of the evidence" standard.  Due process requires proof of such claims by at least clear and convincing evidence standard of proof.

b)     The assessment of punitive damages, a remedy that is essentially criminal in nature without safeguards greater than that afforded by Texas Civil Procedure and the law constitutes infliction of a criminal penalty without the safeguards guaranteed by the Fifth, Sixth, and Fourteenth Amendment of the Constitution of the United States; and the Eighth Amendment to the Constitution of the United States, and Article I, §§ 13 and 19 of the Constitution of the State of Texas.

### B.  **Payment/Offset/Credit**

6.     To the extent Allstate has paid any portion of Plaintiffs' claim, Defendants are entitled to an offset or credit against any damages awarded to Plaintiffs.

### C.  **Bona Fide Dispute**

7.     By way of affirmative defense to Plaintiffs' claims of a breach of duty of good faith and fair dealing and for violation of the Texas Insurance Code, Defendants assert the

existence of a bona fide dispute.  The existence of a bona fide dispute precludes Plaintiffs from recovering against Defendants on any extra-contractual claims.

### D.  Excessive Demand

8.      Plaintiffs' claim for attorneys' fees is barred, in whole or in part, by the doctrine of excessive demand.

### E.  Failure to Mitigate

9.      The policy expressly requires Plaintiffs to protect the property from further loss:

> **Losses We Do Not Cover Under Coverage A, Coverage B and Coverage C**
>
> A.      **We** do not cover loss to the property described in **Coverage A—Dwelling Protection, Coverage B—Other Structures Protection** and **Coverage C—Personal Property Protection** consisting of or caused by the following:
>
> * * *
>
> 6.      The failure by any **insured person** to take all reasonable steps to save and preserve property when the property is endangered by a cause of loss **we** cover.
>
> * * *
>
> **Section I – Conditions**
>
> * * *
>
> 3.      **What You Must Do After A Loss**
>
> In the event of a loss to any property that may be covered by this policy, **you** must:
>
> * * *
>
> b.      protect the property from further loss. Make any reasonable repairs necessary to protect it. Keep an accurate record of any repair expenses.
>
> * * *

**We** have no duty to provide coverage to **you** or an **insured person** under this section if **you**, an **insured person**, or a representative of either fail to comply with items a) through g) above, and this failure to comply is prejudicial to **us**.

10.    Plaintiffs' failure to mitigate their damages negates coverage for the same.

## IV.    PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY and ANDREW BUTLER pray that upon final trial and hearing hereof, Plaintiffs recover nothing from Defendants, and that Defendants recover their court costs and other such further relief, both general and special, at law and in equity, to which Defendants may be justly entitled.

Respectfully submitted,

*/s/ Roger D. Higgins*
Roger D. Higgins
State Bar No. 9601500
Eric K. Bowers
State Bar No. 24045538

THOMPSON, COE, COUSINS & IRONS, L.L.P.
Plaza of the Americas
700 N. Pearl Street, Twenty-Fifth Floor
Dallas, Texas 75201-2832
Telephone:  (214) 871-8200
Telecopy:  (214) 871-8209
rhiggins@thompsoncoe.com
ebowers@thompsoncoe.com

**ATTORNEYS FOR DEFENDANTS
ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY and ANDREW
BUTLER**

## CERTIFICATE OF SERVICE

This is to certify that on February 20, 2015, a true and correct copy of the foregoing was delivered to the following counsel for Plaintiff by electronic service:

Robert D. Green
Hunter M. Klein
ROBERT D. GREEN & ASSOCIATES, P.C.
440 Louisiana St., Ste. 1930
Houston, Texas 77002
Facsimile: (713) 654-9222
green@greentriallaw.com
klein@greentriallaw.com

_/s/ Eric K. Bowers_____
Eric K. Bowers