IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| KELLEY GEER and CHRIS GEER, § | |
| § | |
| Plaintiffs, § | |
| v. § | CIVIL NO. 2:15-CV-95 |
| § | |
| ALLSTATE FIRE AND CASUALTY § | |
| INSURANCE COMPANY *et al.*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND ORDER

A hail and wind storm allegedly damaged Kelley and Chris Geer's home on May 8, 2014. Pls.' Orig. Pet. 3, Dkt. No. 1 Ex. B. After Allstate Fire and Casualty Insurance Company ("Allstate") denied the Geers' claim under their residential insurance policy, they sued it and two insurance adjusters in the 343rd Judicial District Court of Aransas County, Texas. *Id.* at 1. Andrew Butler ("Butler"), one of the adjusters, removed this case to this Court, invoking federal diversity jurisdiction under 28 U.S.C. § 1332(a). Notice of Removal 1, Dkt. No. 1. He asserts that the Geers improperly joined him and David Crockett ("Crockett"), the other adjuster, to defeat diversity jurisdiction. *Id.* at 3. The Geers have filed a motion to remand arguing that neither adjuster was improperly joined. Dkt. No. 8. Because Defendants have not carried their heavy burden to prove improper joinder, the Court grants the Geers' motion and remands for lack of subject-matter jurisdiction.

I. Background

According to Plaintiffs' Original Petition, Allstate sent Crockett to adjust the Geers' claim. Pls.' Orig. Pet. 3. He eventually notified them in writing that Allstate would not pay their claim because surface water caused the damage to their home.[1]

---

[1] Plaintiffs' Original Petition states that Crockett sent written notice on March 6, 2014, but the storm allegedly damaged the Geers' home on May 8, 2014. Pls.' Orig. Pet. 3. The Geers' motion to

1

*Id.* The Geers' petition also states that after Crockett's denial, Plaintiffs hired a public insurance adjustor who apparently prepared his own report about the cause of the damage to the Geers' home. *Id.*

Butler allegedly re-inspected the Geers' home and again denied them coverage. *Id.* The Geers specifically allege that Butler "continued to ignore the information submitted by the public adjustor and wrongfully denied the claim." *Id.* The petition includes five counts: (1) breach of contract against Allstate; (2) unfair settlement practices under the Texas Insurance Code §541.060(a) against all Defendants; (3) failure to promptly pay claims under Texas Insurance Code §542.051 against Allstate; (4) breach of common law duty of good faith and fair dealing against Allstate; and (5) violations of the Texas Deceptive Trade Practices Act ("DTPA") against all Defendants. *Id.* at 4—10.

Butler removed this case pursuant to 28 U.S.C. §§1332(a)(1), 1441(a), and 1446. Notice of Removal 1. He alleges that he, the Geers, and Crockett are Texas citizens for diversity-jurisdiction purposes. *Id.* at 3. Allstate, according to Butler, is an Illinois corporation with its principal place of business in that state. *Id.* The Geers challenge none of these allegations in their motion to remand; they argue only that Defendants have not carried their burden to show that Butler and Crockett were improperly joined. *See* Mot. to Remand 3, Dkt. No. 8.

## II.   Subject Matter Jurisdiction and Improper Joinder Standard

The general removal statute allows a defendant to remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . . " 28 U.S.C. §1441(a). Under 28 U.S.C §1332(a)(1), federal district courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States . . . . " An action that is removable based solely on diversity of citizenship "may not be removed if any of the parties in

---

remand gives the date of Crockett's letter as May 22, 2014. Mot. to Remand 2. Because it does not affect the resolution of the Geers' motion to remand, the Court need not, and does not, determine when, if ever, Crockett sent written notice to the Geers.

interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (2012).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C §1447(c) (2012). In this case, the presence of non-diverse parties will defeat diversity jurisdiction unless those parties were improperly joined.

A removing defendant may establish improper joinder of a non-diverse party in two ways: "(1) actual fraud in the jurisdictional pleadings of the facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (quoting *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006)). Contested factual issues and ambiguities of state law are resolved in the plaintiff's favor. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir 2005). Butler does not point to any fraud in pleading the jurisdictional facts. Accordingly, the Court will only analyze the second prong. *See id.* (analyzing second prong because "[t]he first . . . is not at issue in this case").

To show improper joinder based on an inability to establish a cause of action, a removing defendant must carry a heavy burden to "demonstrate[] that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc); *see also, e.g., Kling Realty Co., Inc. v. Chevron USA, Inc.*, 575 F.3d 510, 514 (5th Cir. 2009). The Court may pierce the pleadings or conduct a Rule 12(b)(6) analysis of Plaintiff's complaint to determine whether Plaintiffs have a reasonable basis for recovery. *Id.* Because Butler conducts only a 12(b)(6)-type analysis of Plaintiffs' Original Petition in his notice of removal, the Court will conduct a 12(b)(6)-type inquiry. Notice of Removal 4. The 12(b)(6) analysis resembles the analysis used to decide a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), and, ordinarily, if a claim against a non-diverse defendant withstands scrutiny under a

12(b)(6)-type analysis, there is no improper joinder. *See Smallwood,* 385 F.3d at 573.

### III. Discussion

The issue is whether Butler has proven that the Geers' petition filed in a Texas district court does not establish a reasonable possibility of recovery against him and Crockett. To make this determination, the Court needs to first decide whether to adopt the heightened federal pleading standard or the looser Texas notice pleading standard when scrutinizing a petition filed in Texas court. If the complaint does meet the adopted pleading standard, then Butler and Crockett are properly joined as defendants.

#### A. State or Federal Pleading Standard

As interpreted in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009), Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court explains that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The tenets from *Twombly* hold that the court accepts all well-pleaded facts as true and views those facts in the light most favorable to the plaintiff, except for those that are legal conclusions couched as factual allegations. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555). Similarly, in cases of improper joinder, the district court "must evaluate all of the factual allegations 'in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff.'" *Gallier v. Woodbury Fin. Servs., Inc.*, No. H–14–888, 2015 WL 1296351, at *4 (S.D. Tex. Mar. 23, 2015) (quoting *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995)). Threadbare recitals of the elements of a cause of action or mere conclusory statements do not suffice as factual

allegations. *Twombly,* 550 U.S. at 555. The "plain statement" must possess enough heft to "sho[w] that the pleader is entitled to relief." to meet the plausibility standard. *Id.* at 545—46, 555.

On the other hand, "the Texas pleading standard is more lenient." *Edwea, Inc. v. Allstate Ins. Co.,* No. H-10-2970, 2010 WL 5099607, at *3 (S.D. Tex. June 23, 2010). Under Texas fair-notice standards, the question is "whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant." *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000) (citing *Broom v. Brookshire Bros., Inc.*, 923 S.W.2d 57, 60 (Tex. App.—Tyler 1995, writ denied)); *see also* Tex. R. Civ. P. 45(b) (A petition must "consist of a statement in plain and concise language of the plaintiff's cause of action . . . . That an allegation be evidentiary or be of legal conclusion shall not be grounds for objection when fair notice to the opponent is given by the allegations as a whole."); Tex. R. Civ. P. 47(a) (A claim must include "a short statement of the cause of action sufficient to give fair notice of the claim involved."). Under the Texas fair-notice standard, "[a] petition is sufficient if it gives fair and adequate notice of the facts upon which the pleader bases his claim. The purpose of this rule is to give the opposing party information sufficient to enable him to prepare a defense." *Roark v. Allen*, 633 S.W.2d 804, 810 (Tex. 1982).

The choice between federal and state pleading standards for the improper-joinder doctrine raises federalism concerns. *See Gasch,* 491 F.3d at 281 (citing *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365—66 (5th Cir. 1995). Any doubt about the propriety of removal must be resolved in favor of remand. *Id.* at 281—82. Thus, the "majority of courts have held that a federal court should not look to the federal standard for pleading sufficiently under Rule 8 and 12(b)(6) to determine whether the state-court petition provides a reasonable basis for predicting that the plaintiff could recover against the in-state defendant at least when, as here, the state pleading standard is more lenient." *Edwea*, 2010 WL 5099607, at *5 (collecting cases); *see also Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999) (citing *City of Alamo v. Casas*, 960 S.W.2d 240, 251—52

5

(Tex. App.—Corpus Christi 1997, writ denied); *De La Hoya v. Coldwell Banker Mexico, Inc.* 125 F. App'x 533, 537—38 (5th Cir. 2005) (citing *Penley v. Westbrook*, 146 S.W.3d 220, 232 (Tex. App.—Fort Worth 2004); *Rio Grande Valley Gas Co. v. City of Edinburg*, 59 S.W.3d 199, 208—10 (Tex. App.—Corpus Christi 2000) (other citation omitted) (unpublished); *Hayden v. Allstate Tex. Lloyds*, No. H-10-646, 2011 WL 240388 *7 (S.D. Tex. Jan. 20, 2011).

Only Congress may abridge "[t]he power reserved to the states under the Constitution to provide for the determination of controversies in their courts [and] . . . '[d]ue regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined.'" *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108—09 (1941) (quoting *Healy v. Ratta*, 292 U.S. 263, 270 (1934)) (other citations omitted). Based on the above authority and for the reasons given in *Edwea*, 2010 WL 5099607, at *4–*6, the Court scrutinizes a Texas pleading for compliance with Texas's fair-notice standard, rather than federal pleading standards, when conducting a Rule 12(b)(6)-type analysis of improper joinder.

B. Sufficiency of Petition

Defendants have not carried their burden to make the required strong showing that recovery against Butler and Crockett would be unlikely here. Though Defendants argue that Plaintiffs' Original Petition is too conclusory as to Crockett and Butler, it surpasses the lenient pleading standard set out in *Roark.* To be sufficient under *Roark*, a Texas petition must "give the opposing party sufficient information to enable him to prepare a defense." *Roark*, 633 S.W.2d at 810 (citations omitted). Plaintiffs' Original Petition surpasses the fair-notice standard.

In *Roark*, the Texas Supreme Court held that a petition that did not use the words "negligent" or "ordinary" gave a physician fair notice of the plaintiffs' negligence claim. *Roark*, 633 S.W.2d at 811. Specifically, the *Roark* court held that allegations that the physician "delivered the child . . . the child sustained a

6

fractured skull; the fractures caused the child intense physical pain and mental anguish and caused the parents to incur additional medical expense" were "sufficient to give . . . fair notice that [the defendant] would have to defend against a claim involving the manner in which he delivered the child." *Id.* at 810.

The Geers' Original Petition includes sufficient factual matter to satisfy the Texas notice-pleading standard as to the in-state adjusters. Indeed, the Geers plead more actionable factual material than did the plaintiffs in *Roark*. *See Roark,* 633 S.W.2d at 810. Like the allegation that the defendant doctor delivered the baby in *Roark*, the Geers allege in their petition that Crockett was the insurance adjustor who inspected their property and denied their claim. Pls.' Orig. Pet. 3, 7. They also alleged that Butler later re-inspected their home but ignored pertinent information submitted by the public adjustor they hired. *Id.* Finally, unlike *Roark*, the Geers expressly name Butler and Crockett as defendants in Plaintiffs' Original Petition. *Id.* at 2. These allegations supply Butler and Crockett with more notice than the physician in *Roark*.

Relying on cases applying the improper-joinder doctrine to Texas claims against insurance adjusters, Butler nonetheless argues that the Geers' petition is too conclusory. Notice of Removal 3. Consistent with Texas's fair-notice pleading standard, Courts in the Fifth Circuit have generally found improper joinder only when "defendants have provided evidence 'strongly showing that recovery against the in-state adjuster would be unlikely.' " *Presley v. Am. First Ins. Co.*, No. H-10-4429, 2011 WL 486231, at *3 (S.D. Tex. Feb. 7, 2011) (quoting *Harris v. Allstate Tex. Lloyd's*, No. H-10-0753, 2010 WL 1790744, at *5 (S.D. Tex. Apr. 30, 2010); *see also, e.g.*, *TAJ Prop., LLC v. Zurich Am. Ins. Co.,* No. H-10-2512, 2010 WL 4923473, at *2, *4 (S.D. Tex. Nov. 10, 2010) (finding allegations against insurer and adjuster generally did not give notice of any claims against adjuster where plaintiff "allege[d] nothing against [the adjuster] by name in the 'Facts' or 'Causes of Action' sections of its claim]"); *Jimenez v. Travelers Indem. Co.*, No. H-09-1308, 2010 WL 1257802, at *4 (S. D. Tex. Mar. 25, 2010) (denying remand when the non-diverse adjuster was not the adjuster who analyzed and denied the claim); *Lakewood Chiropractic Clinic*

*v. Travelers Lloyds Ins. Co.*, No. H-09-1728, 2009 WL 3602043, at *4 (S.D. Tex. Oct. 27, 2009) (same). In *Griggs*, the Fifth Circuit held that an insurance adjuster was improperly joined because the plaintiff's petition did not meet Texas's notice pleading requirements. *Griggs*, 181 F.3d at 699. The *Griggs* court observed that the plaintiff only mentioned the adjustor's name once in passing and failed to state any actionable conduct on the adjustor's part. *Id.* Applying *Griggs*, *Lakewood*, *supra*, on which Butler relies, requires plaintiffs to bring separate causes of action against the adjuster to put her "on fair notice of the allegations against [her]" rather than force an adjuster to "glean" the factual basis from legal conclusions. *Lakewood*, 2009 WL 3602043, at *3 (relying on *Weldon Contractors v. Fireman's Fund Ins. Co.*, No. 4:09-CV-165-A, 2009 WL 1437837, at *3—*4 (N.D. Tex. May 22, 2009)) (holding that the plaintiff's "legal conclusion couched as factual allegations" do not provide a reasonable possibility of recovery). The court reasoned that "listing statutory provisions of the Insurance Code and stating that such provisions were violated by the insurance company and adjustor jointly '[did] not sufficiently separate those actions attributable to [the insurance company] from those of the [individual adjustor].'" *Id.* at *3 (quoting *Weldon Contractors*, 2009 WL 1437837, at *3-*4). The state-court petition in *Lakewood* only mentioned the non-diverse insurance adjuster's actions in the background section and then stated the plaintiff's claims against all defendants jointly in their causes of actions section. *See Lakewood*, 2009 WL 3602043, at *1, *3.

Contrary to Butler's contentions, finding no improper joinder on this record does not stray from the rule of *Griggs* or cases applying it. In contrast with the petitions in *Lakewood* and *Griggs*, the Geers' petition sets forth the in-state adjusters' names and separate activities giving rise to potential liability in its facts and causes of action sections. *See* Pls.' Orig. Pet. 3, 5—6, 7. Moreover, unlike the *Lakewood* petition, the Geers' Original Petition separates the facts and legal theories purportedly giving rise to the liability of all defendants from those giving rise to the liability of Butler and Crockett individually. *See id.* at 5–8 (utilizing separate headings under Count Two for Butler and Crockett). Because the Texas

8

fair notice pleading standard focuses on whether plaintiffs' allegations provide defendants with sufficient information to prepare a defense, allegations in a Texas pleading are not always disregarded simply because they are conclusory. *See Roark*, 633 S.W.2d at 810. Instead, this Court cannot find improper joinder where, as here, the Texas petition includes specific factual allegations against the claims adjustors plus conclusory legal allegations against defendants which taken together provide a reasonable basis for predicting that the plaintiffs will recover. *See Presley v. Am. First Ins. Co.*, No. H-10-4429, 2011 WL 486231, at *3 (S.D. Tex. Feb. 7, 2011).

## IV. Conclusion

For the foregoing reasons, the Court concludes that Butler has not met his heavy burden to prove that there is no reasonable possibility Plaintiffs will recover against him and Crockett under Texas's notice-pleading standard. The Court therefore **GRANTS** Plaintiffs' Motion to Remand, Dkt. No. 8, and remands this case to the 343rd Judicial District Court of Aransas County, Texas, for lack of subject-matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

It is so ORDERED.

SIGNED this 27th day of July, 2015.

_____
Hilda Tagle
Senior United States District Judge